**In re MAXX RACE CARDS, INC., Debtor.**

**Richard M. Mitchell, Trustee, Plaintiff,**

**v.**

**The Erin Mills Capital Corporation, The Erin Mills Development Corporation, The Erin Mills Investment Corporation, Annalee Cohen, Gerry Quinn, Stephen Greaves, Wayne Budd, and James Glover, Defendants.**

**Bankruptcy No. 96–31264.
Adversary No. 97–3081.**

United States Bankruptcy Court,
W.D. North Carolina,
Charlotte Division.

Dec. 8, 1998.

David R. Badger, David R. Badger, P.A., John H. Culver, III, Kennedy, Covington, Lodbell & Hickman, David M. Grogan, Shumaker, Loop & Kendrick, LLP, Stephen R. Hunting, Parker, Poe, Thompson, Bernstein, Bradley E. Pearce, Moore & Van Allen, J. William Porter, Parker,

Poe, Adams & Bernstein, LLP, David M. Schilli, Robinson, Bradshaw & Hinson, P.A., Charlotte, NC, Howard Feller, McGuire, Woods, Battle & Boothe, Richmond, VA, Douglas C. Kittelson, Dallas, TX, Michael G. Neri, Schnader, Harrison, Segal & Lewis, Philadelphia, PA, for creditors.

R. Keith Johnson, R. Keith Johnson, P.A., Charlotte, NC, for Maxx Race Cards, Inc.

Richard M. Mitchell, Mitchell, Rallings & Tissue, PLLC, Charlotte, NC, for trustee.

Shannon Lowry Nagle, Glass, McCullough, Sherrill & Harrold, Atlanta, GA, for Toin Corporation U.S.A.

Judy D. Thompson, Poyner & Spruill, Charlotte, NC, for The Unsecured Creditors' Committee.

### ORDER

J. CRAIG WHITLEY, Bankruptcy Judge.

THIS MATTER came to be heard on October 22, 1998 on two separate motions by the defendants for summary judgment. One motion for summary judgment was filed by The Erin Mills Capital Corporation, The Erin Mills Development Corporation and The Erin Mills Investment Corporation (the Erin Mills defendants) along with Annalee Cohen (Cohen), Gerry Quinn (Quinn) and Stephen Greaves (Greaves). The other motion for summary judgment was filed by Wayne Budd (Budd) and James Glover (Glover).[1] After review of the briefs submitted by all parties and the argument of counsel, the Court finds and concludes for the following reasons that the Motions for Summary Judgment should be granted.

### PROCEDURAL BACKGROUND

On July 1, 1996, Maxx Race Cards, Inc. (Maxx) filed a voluntary petition for bankruptcy under Chapter 11 of the Bankruptcy Code. 11 U.S.C. §§ 101–1330 (1993). Maxx converted the case to Chapter 7 on August 13, 1996, at which time Richard M. Mitchell (Plaintiff) was appointed Chapter 7 trustee.

On January 24, 1997 Plaintiff filed this adversary complaint seeking to pierce the corporate veil of the Erin Mills defendants, and for breach of fiduciary duty by the individual defendants. Plaintiff alleges in the complaint that the mind and will of Maxx was not independent of the mind and will of the Erin Mills defendants; that defendants Cohen and Quinn breached their fiduciary duties as directors and officer of Maxx by directing or actively participating in improper business activities; that defendant Greaves breached his fiduciary duties as a director of Maxx by failing to prevent the improper business activities of Cohen and Quinn; and that defendants Budd and Glover breached their fiduciary duties as officers of Maxx by failing to prevent the improper business activities of Cohen and Quinn.

On August 3, 1998, the Erin Mills defendants, Cohen, Quinn and Greaves filed a Motion for Summary Judgment. Defendants' brief in support of the Motion for Summary Judgment asserts that Maxx had a separate existence from the Erin Mills defendants and was not completely dominated by the Erin Mills defendants; that the Erin Mills defendants committed no fraud, wrong, dishonest or unjust act; that there is no evidence that any control

---

**1.** Infra Cohen, Quinn, Greaves, Budd and Glover are collectively referred to as the "individual defendants."

and any breach of duty by the Erin Mills defendants proximately caused any injury; and that the actions of Cohen, Quinn and Greaves are protected by the Business Judgment Rule under North Carolina law.

On August 3, 1998 defendants Budd and Glover filed a Motion for Summary Judgment. Their brief in support of the Motion for Summary Judgment asserts that Budd and Glover are protected by the Business Judgment Rule under North Carolina law.

On September 14, 1998 Plaintiff filed a reply brief to the motions for summary judgment. Plaintiff's brief asserts that the Erin Mills defendants operated Maxx as a mere instrumentality by failing to comply with corporate formalities, operating Maxx while Debtor was insolvent, maintaining complete control over Maxx and fragmenting Maxx's corporate assets; that use of Maxx as a mere instrumentality violated public policy and caused injury to Maxx's suppliers and other creditors; that the individual defendants breached their duty to the minority shareholder by failing to observe corporate formalities; and that the individual defendants breached their duty to Maxx's creditors by increasing trade debt while Maxx was insolvent.

## FACTUAL BACKGROUND

The Erin Mills Development Corporation is a Canadian company that was formed in 1983. Erin Mills Capital Corporation and Erin Mills Investment Corporation are Canadian corporations that are subsidiaries of Erin Mills Development. Annalee Cohen is vice-president of Erin Mills Investment. Cohen became a director of Maxx in 1994 and the secretary of Maxx in 1995. Gerry Quinn is the president of Erin Mills Investment. Quinn became a director of Maxx in 1994. Stephen Greaves became a director of Maxx in 1994. Wayne Budd became presi-

dent of Maxx in 1994. Budd was replaced as president of Maxx by Jim Glover in September 1995.

Maxx was founded in 1988 by Jim McCulloch (McCulloch) under the name J.R. Maxx to produce and distribute NASCAR trading cards. McCulloch held 95% of the stock of J.R. Maxx and Peter Darlington held the remaining 5%. In 1990, two Canadian entrepreneurs, Robert Clark (Clark) and John Shepard (Shepard), contacted defendant Quinn about the possibility of entering a joint venture to purchase J.R. Maxx. The Erinmaxx Corporation was created for the purpose of the joint venture. Erin Mills Development, through its wholly owned subsidiary, Erin Mills Capital, obtained 50% ownership in Erinmaxx on January 31, 1991. At the same time, Clark and Shepard obtained the other 50% ownership in Erinmaxx. Erinmaxx in turn acquired 85% of Maxx Holdings, which owns 95% of Maxx. McCulloch acquired 15% of Maxx Holdings and Peter Darlington retained his 5% interest in Maxx.

Clark and Shepard's interest in Erinmaxx was acquired by the Erin Mills defendants on January 31, 1994. At that point in time, the Erin Mills defendants controlled 85% of Maxx Holdings, which in turn owned 95% of Maxx. McCulloch retained 15% ownership in Maxx Holdings and Peter Darlington continued to control 5% of the Maxx.

## DISCUSSION

### Summary Judgment Standard

A court may grant summary judgment only if there is no genuine issue as to any material fact and the movant is entitled to judgment as a matter of law. FED. R. CIV. PRO. 56(c) as applied by BANKR. R. PRO. 7056; *Celotex Corp. v. Catrett,* 477 U.S. 317, 322, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986). The burden rests initially on

the movant to show the court that there is an absence of genuine issue concerning any material fact and that the non-movant cannot prevail. *Celotex*, 477 U.S. at 325, 106 S.Ct. 2548. The non-moving party then must show that there is evidence from which a jury might return a verdict in his favor. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 257, 106 S.Ct. 2505, 2514, 91 L.Ed.2d 202 (1986). The court must accept all of a non-movant's evidence as true and will view all inferences drawn from the underlying facts in the light most favorable to the non-moving party. *Id.* 477 U.S. at 255, 106 S.Ct. 2505.

### BREACH OF FIDUCIARY DUTY

Plaintiff's complaint alleges that Cohen, Greaves, Quinn, Budd and Glover all breached their fiduciary duty to Maxx by ceding their authority over the day-to-day business of Maxx to the Erin Mills defendants. Plaintiff also alleges that the individual defendants breached their fiduciary duty to Maxx's creditors, resulting in an increase of trade debt from $688,000.00 to $2,500,000.00 while Maxx was insolvent.

The parties are in agreement that North Carolina corporate law applies to this adversary complaint. Defendants' rely on North Carolina's business judgment rule, which requires directors and officers to act:

(1) In good faith;

(2) With the care an ordinary prudent person in a like position would exercise under similar circumstances; and

(3) In a manner he reasonably believes to be in the best interests of the corporation. N.C. Gen. Stat. § 55–8–30(a) (directors); N.C. Gen. Stat. § 55–8–42(a) (officers) (1990).

According to Defendants, all of their actions are covered by this rule, and therefore they have committed no breach of their fiduciary duty. Defendants also ar-

gue that they owed no general fiduciary duty to the creditors of Maxx because such a duty only arises when a corporation is dissolving and winding up its business. *Whitley v. Carolina Clinic, Inc.*, 118 N.C.App. 523, 528–529, 455 S.E.2d 896, 900 (N.C.Ct.App.1995).

■ The general rule is that directors and officers of a corporation do not owe a fiduciary duty to the corporation's creditors. *Id.*, 455 S.E.2d at 899; *Fed. Deposit Ins. Corp. v. Sea Pines Co.*, 692 F.2d 973, 976 (4th Cir.1982). An exception to the general rule exists in North Carolina when there are circumstances amounting to a winding up or dissolution of the corporation, at that time a fiduciary duty to the creditors comes into existence. *Whitley*, 455 S.E.2d at 900. The North Carolina exception to the general rule recognizes that many corporations may be balance sheet insolvent, yet solvent on a cash flow basis, and that they are continuing to operate in good faith. *Id.*

■ The North Carolina rule means that no duty is owed to the creditors if the corporation is balance sheet insolvent and the directors and officers are acting in good faith in running the business. However, if the directors and officers are acting in bad faith in maintaining the business, then the North Carolina exception applies. For example, if the directors and officers run an insolvent corporation only to recover amounts owed to them, to the detriment of the corporation's other creditors, courts will equate that to a winding up or dissolution situation and find that the directors and officers owed a fiduciary duty to the creditors.

■ In the present case, the Plaintiff has presented no evidence of specific acts of bad faith committed by the individual defendants. Plaintiff's evidence only indicates that Maxx was being run while it was

insolvent. Without evidence of bad faith conduct the circumstances in this case do not amount to a winding up or dissolution, and the general rule applies. There is no fiduciary duty owed to the creditors in the present case, therefore no breach could have occurred.

Plaintiff also failed to show that the individual defendants' acts were outside the business judgment rule. Plaintiff simply alleges that the defendants breached their fiduciary duty by ceding their authority to the Erin Mills defendants. Plaintiff has failed to show that these allegations are supported by enough evidence from which a jury might decide that the defendants' actions were not done with the best interests of Maxx in mind. Therefore, the motion for summary judgment is granted as to the individual defendants.

## PIERCING THE CORPORATE VEIL

■ North Carolina applies the "instrumentality rule" to determine when the corporate form should be disregarded. *Glenn v. Wagner*, 313 N.C. 450, 454, 329 S.E.2d 326, 330 (N.C.1985). The following three elements must be present for the instrumentality rule to apply:

(1) Control, not mere majority or complete stock control, but complete domination, not only of finances, but of policy and business practice in respect to the transactions attacked so that the corporate entity as to this transaction had at the time no separate mind, will or existence of its own; and

(2) Such control must have been used by the defendant to commit fraud or wrong, to perpetrate the violation of a statutory or other positive legal duty, or a dishonest and unjust act in contravention of plaintiff's legal rights; and

(3) The aforesaid control and breach of duty must proximately cause the injury of unjust loss complained of. *Id.*

■ North Carolina courts consider a number of factors in determining if the element of control has been established, these include: inadequate capitalization, non-compliance with corporate formalities, complete domination and control, excessive fragmentation, non-payment of dividends, insolvency of the debtor corporation, siphoning of funds by the dominant shareholder, non-functioning of other officers or directors, and absence of corporate records. *Id.*, 329 S.E.2d at 332 (citing *DeWitt Truck Brokers, Inc. v. W. Ray Flemming Fruit Co.*, 540 F.2d 681 (4th Cir.1976)).

### Control

■ Defendants claim that Maxx was adequately capitalized, based on a line of working capital extended to Maxx by the Erin Mills defendants. The Defendants' financial expert report shows that Maxx was thought to be profitable at the end of 1995. However, massive returns of consignment sales in the beginning of 1996 caused Maxx's downfall.

Plaintiff's evidence asserts that Maxx's cash flow was being tightly monitored and controlled by the Erin Mills defendants. Plaintiff's expert contends that it was bad business practice for Maxx to report the consignment sales as final sales, thus Maxx's possible profitability at the end of 1995 was an illusion. In fact, according to Plaintiff's expert, Maxx was insolvent as of December 31, 1994. Plaintiff's evidence, taken as true would allow this issue to go to the jury. Conflict between expert testimony requires live testimony to aid the trier of fact to determine which expert's version is most reliable.

The Erin Mills defendants' claim that their involvement with Maxx amounted to a legitimate exercise of their rights as the ultimate majority shareholder and the major secured lender of Maxx. Defendants

claim that the executive management of Maxx rested in the hands of Budd and Glover along with Maxx's vice-president, Patrick Enright, the chief financial officer, Larry Crawford.

Plaintiff's evidence includes a document referred to as the "Maxx agreement." (Pl.'s Br. Ex. C.) This document alone provides enough genuine question of material fact to allow the issue of control to go to the jury. The agreement hands over the day-to-day business decisions of Erinmaxx to the Erin Mills group of companies. Erinmaxx held 85% of Maxx's stock. A factual issue is raised as to whether this agreement actually involved the Erin Mills defendants taking over the day-to-day business of Maxx.

Plaintiff presented other evidence of control by the Erin Mills defendants, including the need for approval by the defendants for any new projects taken on by Maxx, approval of funding for new office space, and general management of Maxx being performed by the Board of Directors of Erin Mills Investment. Additionally, Plaintiff's evidence suggests that the Erin Mills defendants actively controlled Maxx's budget. This evidence, taken as true, provides genuine issues of material fact on the issue of control.

### Fraud or Wrongdoing

■ Under the second element of the instrumentality rule, it must be shown that the control exerted was used to "commit a fraud or wrong, to perpetrate the violation of a statutory or other positive legal duty." *Glenn*, 329 S.E.2d at 330. The theory of liability under the instrumentality rule is an equitable doctrine, where the focus is on reality, not form, of the operation of the corporation. *Id.* at 332. Proof of a plain fraud is not a necessary prerequisite to satisfy this element. *Anderson v. Abbott*, 321 U.S. 349, 362, 64 S.Ct. 531, 538, 88 L.Ed. 793 (1944).

■ Defendants argue that they committed no wrongdoing, instead they only made some "poor business decisions." According to the Defendants', these bad business decisions do not amount to fraud or wrongdoing. Defendants' main point is that they extended millions of dollars of capital to Maxx, in an attempt to make the business work, and received nothing in return. Defendants' brief asks why they are the biggest creditor in the bankruptcy estate if they were running the business of Maxx to the benefit of themselves and to the detriment of others.

Plaintiff alleges that the control of the Erin Mills defendants over Maxx violated public policy, by maintaining the business of Maxx while insolvent, and greatly increasing the trade debt during that period of insolvency. Plaintiff is essentially extending the breach of fiduciary duty argument detailed above to the pierce the corporate veil context. Plaintiff is trying to make officers, directors as well as parent corporations liable any time a business is operated unsuccessfully. The evidence presented by Plaintiff on this point is insufficient to show fraud or wrongdoing. Plaintiff is arguing that the creditors would have been better off if the Erin Mills defendants had not attempted to help Maxx survive.

Plaintiff's argument, if adopted, would result in bad public policy. If courts pierced the corporate veil every time a parent corporation attempted to turn the business of its subsidiary around and failed, it would greatly discourage other corporations from taking chances with small start-up companies. Public policy favors encouraging investment and development of businesses similar to Maxx. Sometimes the venture fails, but that does not equate fraud or wrongdoing.

### Proximate Cause

All three elements of the instrumentality rule must be met by Plaintiff for the Court

to deny Defendants' motion for summary judgment. *Glenn,* 329 S.E.2d at 330. Proximate cause essentially depends on whether the Erin Mills defendants committed any wrong in allegedly artificially extending the life of an insolvent Maxx, at the expense of the trade creditors. Because Plaintiff did not meet the standard of proof to overcome the motion for summary judgment on the second prong of the instrumentality rule, the Court need not visit the issue of proximate cause. Therefore, the Motion for Summary Judgment is granted as to the Erin Mills defendants.

**WHEREFORE, IT IS ORDERED** that the Motion for Summary Judgment submitted by Erin Mills Development Corporation, Erin Mills Capital Corporation, Erin Mills Investment Corporation, Annalee Cohen, Gerry Quinn and Stephen Greaves is **GRANTED;**

**IT IS FURTHER ORDERED** that the Motion for Summary Judgment submitted by Wayne Budd and James Glover is **GRANTED.**